## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LabMD, Inc., *Petitioner*,<br><br>v.<br><br>Federal Trade Commission,<br><br>*Respondent*. | No. 1:19-MI-00071 |

### FTC'S SUPPLEMENTAL BRIEF
### Introduction & Summary

As the FTC explained in its opposition, LabMD's petition for attorney's fees should be rejected for three principal reasons. First, LabMD is not entitled to any fee award because the FTC's position was substantially justified throughout the administrative enforcement action and also in the petition for review before the Eleventh Circuit.[1] FTC Op. 17-20. The Commission's position was likewise justi-fied on the enforceability of its cease and desist order—the only issue that LabMD prevailed on in the Eleventh Circuit. *Id.* Second, the petition should be rejected for the independent reason that LabMD's narrow success does not entitle it to any fees for work performed in (1) the underlying administrative proceeding, or (2) LabMD's collateral attacks on that proceeding, all of which were unsuccessful.[2] *Id.* at 19-24.

---

[1] LabMD's claim (Reply Br. 4) that the FTC's case was based on "fraudulent claims" and "false testimony" is fiction. *See* FTC Op. 6 n.2.

[2] LabMD's claim that it achieved "total success as a respondent" (Reply Br. 7-10) ignores that it failed to overturn the Commission's finding that the company had

Third, LabMD's petition is unreasonable because it fails to include sufficient detail or segregate work on the one successful issue, and also includes excessive, redundant, and unnecessary hours. *Id.* at 29-30.

LabMD initially attempted to support its claim for fees for the work of two law firms (Kilpatrick Stockton and Dinsmore & Shohl) with copies of bills that were so heavily redacted that it was impossible to determine the work that was performed. *See* FTC Op. 28-29, 30-31. With the Court's permission, LabMD has now supplemented its petition with unredacted copies of those bills. The unredacted bills confirm that LabMD is not entitled to any fee award for the work of either firm.

Kilpatrick's bills show that none of its fees were incurred in this case. It did not work on LabMD's petition for review in the Eleventh Circuit, nor even in the administrative proceeding before the FTC. Instead, its bills reflect work on LabMD's unsuccessful attempt to halt the administrative proceeding by suing in the Northern District of Georgia.

Dinsmore's bills largely describe its work in the administrative proceeding before the FTC. As explained, none of that work is properly the subject of a fee award because LabMD failed to overturn the FTC's decision that it had violated the FTC Act and the FTC's position was substantially justified. LabMD's claim

---

violated the FTC Act. *See* FTC Op. 8; *LabMD, Inc. v. FTC*, 891 F.3d 1286, 1296-1297 (11th Cir. 2018).

should also be rejected because Dinsmore's bills include work on other matters, are not specific enough to identify which matter they relate to, and include patently unreasonable attorney's fees and costs.

## Argument

With or without its supplementation of the record, LabMD is not entitled to any fee award in this case because the FTC's position throughout the case was substantially justified. FTC Op. 17-20. Accordingly, the Court can dispense with LabMD's petition without slogging through LabMD's attorney statements. But even if LabMD were entitled to an award in this case, it would not be entitled to any award based its new submission because the submitted bills do not reflect any work on this appeal, much less on LabMD's one narrow success—the enforceability of the FTC's remedial order. Instead, the bills reflect fees and costs incurred in the underlying administrative action, which LabMD lost; in LabMD's multiple failed collateral attacks on the FTC; and in matters unrelated to FTC at all. *See id.* at 19-24. What's more, many of the claimed fees and costs are unreasonable on their face.

## Kilpatrick Stockton

The unredacted versions of Kilpatrick Stockton's bills confirm it did not work on the Eleventh Circuit appeal in this case. As explained in the FTC's opposition to LabMD's petition, EAJA does not authorize any award for fees incurred

in other matters. FTC Br. 23-24; 28 U.S.C. 2412(d)(1)(A); *Lundin v. Mecham*, 980 F.2d 1450, 1461 (D.C. Cir. 1992) ("[T]he statute expressly forbids the award of fees in actions over which the court lacks jurisdiction.").

Kilpatrick represented LabMD in a collateral attack on the FTC's administrative proceeding in the Northern District of Georgia, *LabMD, Inc. v. FTC*, No. 1:14-cv-810 (N.D. Ga.). *See* Veccione Decl., part 2 at 81-82. Nearly all of the $155,000 in fees and costs that LabMD claims for Kilpatrick's work were incurred in that case, not this one. Even if EAJA did not outright forbid an award for that work, an award would be inappropriate because LabMD did not prevail in any aspect of the case—the district court granted the FTC's motion to dismiss and the Eleventh Circuit affirmed. *LabMD, Inc. v. FTC*, 776 F.3d 1275 (11th Cir. 2015). LabMD sought to stay the FTC's administrative proceeding while that appeal was pending, but the Court denied the stay. Order, *LabMD, Inc. v. FTC*, No. 14-12144 (11th Cir. May 19, 2014). The Court likewise denied LabMD's petition for rehearing en banc.

Some of the work reflected on Kilpatrick's bills involves matters that have nothing to do with the FTC. For example, several entries (totaling $1,960 in fees) were incurred in the "Butschek matter," which appears to be an employment dis-

pute. *See* Ex. B pp. 3, 4, 5, 6, 10, 13 (timekeepers RDA and RDH)[3]. Other entries

(totaling $4,864 in fees) refer to a "potential qui tam relator case." *Id.* at 27-28.

EAJA does not authorize any fee award for work for those other matters.

## Dinsmore & Shohl

None of the time billed by Dinsmore & Shohl was spent litigating LabMD's

Eleventh Circuit appeal or the one winning issue in that appeal. Dinsmore repre-

sented LabMD in the administrative proceeding before the FTC and LabMD's col-

lateral attacks on that proceeding. It did not represent LabMD in the appeal.

LabMD lost the administrative proceeding: the FTC found that the company had

violated the FTC Act and the Eleventh Circuit did not disturb that finding.[4] The

"limited success" LabMD achieved on appeal—vacating the Commission's reme-

dial order—does not justify a fee award for Dinsmore's unsuccessful work in the

administrative proceeding, which would improperly be based "on the litigation as a

whole." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001)

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The remaining work on

collateral (and unrelated) matters does not justify any award for the reasons ex-

plained above and in the FTC's opposition.

---

[3] Citations to LabMD's unredacted bills refer to the pdf page numbers in the version electronically filed with the Court.

[4] LabMD's insistence that the court of appeals "vacated the entire Final Order" (Reply Br. 9 n.5) is misleading. The Commission simultaneously issued both an Opinion finding that LabMD violated the FTC Act and a Final Order for its remedy. The court of appeals vacated only the latter.

LabMD's claim for fees from Dinsmore should also be rejected because it includes unnecessary and unrelated work and fails to provide enough detail to determine whether the work performed is reasonable. As the party requesting fees, LabMD must include sufficient detail in its application, segregate unproductive hours and time that was not directed toward its successful claim, and exercise billing judgement to eliminate excessive fees. *See Hensley*, 461 U.S. at 435, 437; *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 296 (1st Cir. 2001).[5] LabMD failed to do so. For example, the bills include unreasonable charges for:

- Attorney travel time (Ex. A pp. 11, 12, 19, 20, 29, 33, 34, 41, 42, 48, 54, 61, 78, 86, 116, 118, 119);

- Press and media work (*id.* at 10, 12, 143, 151) (entries include "press," "media strategy," "media support," and work on a "WSJ op=ed [sic]"); and

- Unrelated matters such as "SBA matter" (*id.* at 148), LabMD's legislative efforts (*id.* at 20, 62, 63, 81, 85, 86, 92, 106, 115, 126) (entries include "OGR briefing," "OGR hearing," "oversight presentation," and "oversight committee"); "Pennsylvania defamation case" (*id.* at 92, 115); and the Northern District of Georgia case (*id.* at 115).

---

[5] LabMD's argument that the FTC failed to challenge specific time entries (Reply Br. 12) ignores that "the fee applicant bears the burden" of establishing its entitlement to fees with specificity. *Hensley*, 461 U.S. at 437.

Although Dinsmore represented LabMD in multiple other matters in addition to the administrative proceeding,[6] a large number of its time entries—far too many to list—do not include the context necessary identify which matter they relate to, making it impossible to determine whether the work was reasonable. Some entries that clearly relate to court actions rather than the administrative proceedings include references to "the court's . . . bench orders" and "submissions to the Court" (*id.* at 98), a "[h]earing before Tax Court" (*id.* at 87), a "joinder motion" (*id.* at 97), "local counsel in Georgia" (*id.* at 68, 76), and a preliminary injunction hearing (*id.* at 58). *See also id.* at 31, 78, 85, 100, 110, 119 (ambiguous references to various "court" proceedings). Scores of other entries refer to hearings, motions, depositions, and other events that could have occurred in the administrative enforcement action or in a court proceeding without saying which it was. Compounding this problem, the bills include a great many entries for internal meetings and communications among the lawyers representing LabMD in its various ongoing matters without any effort to apportion time among them. *E.g.*, *id.* at 5, 18-24, 30, 40, 45, 46, 53, 63, 67, 68, 75-78, 95, 97, 110, 125, 148; *see also id.* at 12, 47, 53, 58, 63, 64 (entries related to division of labor among firms).

---

[6] Dinsmore attorneys appeared in LabMD's unsuccessful 2013 petition for review (No. 13-1527, 11th Cir.); its unsuccessful suit against the Commission and its Commissioners in D.C. (No. 1:13-cv-1787, D.D.C.); and its unsuccessful appeal from the dismissal of its suit against the FTC in the Northern District of Georgia (No. 14-12144, 11th Cir.).

Moreover, many entries are so generic that it is impossible to determine what work was performed at all, such as "attention to client matters," "client communications," "admin issues," and similar language that does not specify what work was performed. *E.g.*, *id.* at 4, 18, 12, 63, 64, 67, 75, 134, 142-143, 148, 151-152, 156.

Furthermore, Dinsmore's bills include entries for internal matters unrelated to the merits of the case, such as LabMD's coverage "dispute with its insurer" (*id.* at 117-121); issues related to LabMD changing counsel (*id.* at 118 ("dismissal of COA and transitioning of case"), 97-98 ("transition agreement," "transfer agreement," "joint defense agreement")); representation agreements (*e.g.*, *id.* at 19, 21, 24, 29, 30, 32, 40, 46), including between Cause of Action and various individuals (*id.* at 125-126), and other communications about representation issues (*id.* at 75, 80). They also include unreasonable overhead charges for arranging a conference room (*id.* at 42), setting up and training on technology (*id.* at 19, 44), processing documents (*id.* at 10-13, 18-24, 29-35, 40-48, 52, 53, 55-59, 61-64, 68-71, 76-81, 92, 110, 115-117, 125), and copying a "disc containing (13) music tracks" (*id.* at 44).

In short, Dinsmore's bills include unreasonable and unrelated charges, insufficiently describe the work claimed, and do not "enable [the] court to identify distinct claims." *Hensley*, 461 U.S. at 437. None of the time above could justify an

award of attorney's fees even if LabMD were otherwise entitled to an award, which, as explained, it is not.

Dinsmore's bills also reflect thousands of dollars in unreasonable costs. Those charges include airline flights (Ex. A pp. 16, 27, 38, 50), hotel expenses (*id.* at 16, 27, 38, 50, 83, 123), meals (*id.* at 16, 27, 38, 50, 83, 90, 123, 150); a rental car (*id.* at 16), unspecified "other" travel expenses (*id.* at 28, 39, 50, 83, 90), and unspecified "miscellaneous" expenses (*id.* at 27, 38). They also include unreasonable or unnecessary overhead charges, such as charges for audio conferences (*id.* at 3, 16, 27, 50, 66, 114, 123, 147); photocopies (*id.* at 8, 16, 27, 66, 73, 83, 104, 109, 114, 123, 132, 141, 147); Fedex (*id.* at 8, 38, 16, 27, 132); messengers (*id.* at 27, 38, 50, 66, 73, 83, 90); postage (*id.* at 90); "online document retrieval services" (*id.* at 90); expert fees (50, 83); and a filing fee unrelated to this case (*id.* at 8). In addition to being unreasonable on their face, the vast majority of the claimed costs lack the context to determine whether they were incurred in the administrative action, in one of LabMD's collateral attacks against the FTC, or in some other matter. Like its claim for fees, LabMD's claim for Dinsmore's costs does not support any award.

## Conclusion

LabMD's petition for attorney's fees and costs should be denied.

Respectfully submitted,

s/Theodore (Jack) Metzler
Alden F. Abbott
  *General Counsel*
Joel Marcus
  *Deputy General Counsel*
Theodore (Jack) Metzler
  *Attorney*
Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580
(202) 326-3502
(202) 326-2477 (fax)

*Counsel for the*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019 I filed the foregoing with the

Court's CM-ECF system, and that I caused the foregoing to be served through the

CM-ECF system on counsel of record for LabMD, who are registered ECF users.

/s/ Theodore (Jack) Metzler
Theodore (Jack) Metzler
Attorney
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave. N.W.
Washington, D.C. 20580